IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| The Beachwaver Co.<br>408 N. Milwaukee Ave, Suite 202<br>Libertyville, IL 60048<br><br>      Plaintiff,<br><br>v.<br><br>T3 Micro, Inc.<br>228 Main St. Suite 1<br>Venice, CA 90291<br><br>      Defendant. | Civil Action No. 3:16-cv-858<br><br>**JURY TRIAL DEMAND** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, The Beachwaver Co. ("Plaintiff"), by and through the undersigned counsel, files this Complaint for Patent Infringement against T3 Micro, Inc., ("Defendant"), and hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. 1 *et seq.*, seeking damages and injunctive and other relief under 35 U.S.C. 281, *et seq.* Plaintiff's claims are based on the unauthorized and infringing manufacture, importation, use, sale, or offer for sale by Defendant of rotating curling irons.

1

## THE PARTIES

2. Plaintiff is a corporation organized and existing under the laws of the State of Illinois and having a principal place of business at 408 N. Milwaukee Ave, Suite 202, Libertyville, Illinois 60048.

3. Defendant is a corporation organized and existing under the laws of the State of California having a principal place of business at 13705 Cimarron Ave, Gardena, California 90249. Defendant has a registered agent for service of process at 228 Main St. Suite 1, Venice, California 90291.

## JURISDICTION AND VENUE

4. This is an action for patent infringement of United States Patent Nos. 9,398,796 ("the '796 patent") and 9,504,301 ("the '301 patent") arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285. Plaintiff owns the '796 and '301 patents and holds rights to sue and recover damages for infringement thereof, including past infringement. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Defendant makes, offers for sale, or sells infringing products which are the subject of the patent infringement cause of action set forth herein.

6. Defendant has committed acts of patent infringement, including making, offering for sale, or selling infringing products within this judicial District.

7. This Court has personal jurisdiction over Defendant. Defendant does and has done substantial business in this District by selling products in this District, including those that infringe the '796 and '301 patents. Defendant has committed and continues to commit acts of patent infringement in this District by direct sales and sales through intermediaries.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1400(b) because Defendant is subject to personal jurisdiction in this District and has committed and continues to

commit acts of patent infringement that give rise to the claims alleged within this District.

## FACTUAL BACKGROUND

9. On July 26, 2016, the United States Patent and Trademark Office duly and legally issued the '796 patent titled "Hair Styling Device." A true and correct copy of the '796 patent is attached to this Complaint as Exhibit A.

10. A Certificate of Correction is pending at the United States Patent Office. The claims of the '796 patent and Examiner's Amendments are attached as Exhibit B. The Examiner's Amendments are identical to the pending Certificate of Correction.

11. On November 29, 2016, the United States Patent and Trademark Office duly and legally issued the '301 patent titled "Hair Styling Device." A true and correct copy of the '301 patent is attached to this Complaint as Exhibit C.

12. All maintenance fees for the '796 and '301 patents which have come due have been paid and the patent has not expired. The '796 and '301 patents have not been found invalid by any court or agency.

13. Plaintiff currently makes, sells, and distributes rotating curling irons covered by the '796 and '301 patents. An example rotating curling iron as covered by the '796 and '301 patents is shown below.



14. Defendant makes, uses, sells, or offers for sale a rotating curling iron ("Accused Product") that infringes one or more claims of the '796 and '301 patents under United States law. The Accused Product is shown below. The Accused Product includes at least the Twirl 360 (model 76570) shown below.



15. Defendant makes Accused Products available throughout the United States, including this District, through Defendant's website https://www.t3micro.com/product/twirl-360-curling-iron and through retail outlets in this District.

16. The packaging included an owner's manual and booklet that instructed the owner the proper use and care of the Accused Product.

17. The Accused Product was purchased from QVC (www.QVC.com) and shipped to a South Bend, Indiana address.

18. The Accused Products are available at QVC and Sephora (http://www.sephora.com/). Sephora has a retail location in Mishawaka, Indiana. Websites showing the Accused Product being offered for sale are shown in Exhibit D.

19. Defendant's booklet included in the packaging of the Accused Product provides the following diagram which shows that it is a hair styling device with a body.



4

20. The following image of the Accused Product shows that it has a cylinder that extends from the body and includes a clamp.



21. Defendant's packaging provides the following diagram of the Accused Product, which shows that the cylinder rotates with respect to the body and the clamp is fixed to the cylinder for rotation with the cylinder.



22. While not explicitly pictured, the nature of a curling iron dictates a heating element. Defendant's booklet included with the Accused Product provides the following information regarding the Accused Product, which describes the heating element located within the cylinder.

**HOW TO USE YOUR**
T3 Twirl 360

The iron is automatically set to heat up to 390°F, indicated by 4 solid lights, upon first use.

Note: Each time you turn the iron on, it will heat up to your last set temperature.

5

23. The following image of a dismantled Accused Product shows that it has a rod that is affixed to and rotates with the cylinder; the rod extends into the body and is supported by a bearing within the body.



24. The following image of a dismantled Accused Product shows that the bearing restrains lateral movement and facilitates rotation of the rod.



25. The following image of a dismantled Accused Product shows that it has a first terminal disc fixed to the cylinder and includes concentric annular electrical contacts. The image also shows the rod that is affixed to and rotates with the cylinder as described in ¶23.



26. The following image of a dismantled Accused Product shows that it has a second terminal disc that is fixed relative to the body and includes concentric continuous annular electrical contacts.



27. The following image of a dismantled Accused Product shows that the contacts on one of the terminal discs are bent upwardly and contacts on the other terminal disc are flat annular rings.



28. The following image of a dismantled Accused Product shows that the first terminal disc is held adjacent to the second terminal disc so that the contacts of the first terminal disc remain in contact with the contacts of the second terminal disc to provide an electrical circuit across the contacts to the heating element in the cylinder.



29. The following image of a dismantled Accused Product shows that the rotatable rod extends through the centers of both terminal discs and the contacts of both terminal discs circumscribe the rotatable rod.



30. The following image of a dismantled Accused Product shows that it has a motor connected to the rotatable rod to rotate the cylinder.



31. The following image of a dismantled Accused Product shows that it has a rib extending inwardly into a groove on one of the terminal discs that acts as a thrust bearing to prevent axial movement of a terminal disc. Further, the thrust bearing is one of the terminal discs.

 

32.  The following image of a dismantled Accused Product shows that the thrust bearing has a channel that receives a tab on the body to restrain the corresponding terminal disc and therefore the rotatable rod and cylinder are restrained with respect to the body.

 

33.  The following image of a dismantled Accused Product shows that one of the terminal discs has an outer diameter that fits within an inner diameter of the other terminal discs, thereby shielding the contacts between the terminal discs and acting as a mechanism to align the terminal discs.

 

34.  The following image of a dismantled Accused Product shows one of the terminal discs includes a ridge between its corresponding annular electrical contacts to maintain separation of the electrical contacts on both terminal discs when the discs are held adjacent to each other.



35. The following image of a dismantled Accused Product shows the terminal discs located between the bearing and the cylinder.



36. Defendant was made aware of the infringement of the '796 and '301 patents at least as early as the filing of this Complaint.

37. Defendant has not offered to buy or license the '796 or '301 patents from Plaintiff.

**COUNT 1: DIRECT INFRINGEMENT OF THE '796 PATENT**

38. Paragraphs 1 through 37 of Plaintiff's Complaint are incorporated into Count 1 of Plaintiff's Complaint as if fully set forth herein.

39. For reference, Claim 1 of the '796 patent (as corrected) generally covers a hair styling device with a body; a cylinder extending from the body, the cylinder is rotatable relative to the body and includes a clamp adapted for holding hair, the clamp is fixed to the cylinder for rotation with the cylinder, a heating element is located within the cylinder, a rotatable rod is affixed to and rotatable with the cylinder relative to the body, the rotatable rod extends into the body and is supported by a bearing within the body that restrains lateral movement of the rotatable rod and facilitates rotation of the rotatable rod; a first terminal disc is rotatably fixed relative to the cylinder, the first terminal disc includes concentric annular electrical contacts; a second terminal disc is fixed relative to the body, the second terminal disc includes concentric continuous annular electrical contacts, the contacts on one of the terminal discs are bent upwardly and the contacts on other the terminal disc are flat annular rings, the first terminal disc is held

adjacent to the second terminal disc so that the contacts of the first terminal disc remain in contact with the contacts of the second terminal disc to provide an electrical circuit across the contacts to the heating element in the cylinder, the rotatable rod extends through centers of both the terminal discs and the contacts of both the terminal discs circumscribe the rotatable rod; and a motor is connected to the rotatable rod to rotate the cylinder.

40. The Accused Product meets all of the claimed limitations and therefore directly infringes at least one claim of the '796 patent.

41. Defendant, without authorization from Plaintiff, has directly infringed and continues to infringe at least one claim of the '796 patent in violation of 35 U.S.C. §271(a), literally or by doctrine of equivalents by making, using, offering for sale, and/or selling the Accused Product in the United States.

42. Defendant, unless enjoined by this Court, will knowingly and intentionally continue to engage in infringing behavior and has made, offered for sale, or sold the infringing Accused Product after knowing of the '796 patent.

### COUNT 2: INFRINGEMENT OF THE '301 PATENT

43. Paragraphs 1 through 42 of Plaintiff's Complaint are incorporated into Count 2 as if fully set forth herein.

44. The '301 patent has two independent claims, Claim 1 and Claim 9, with a total of 10 claims.

45. For reference, Claim 1 of the '301 patent generally covers a hair styling device having a body; a cylinder extending from the body, the cylinder is rotatable relative to the body and includes a clamp adapted for holding hair, the clamp is fixed to the cylinder for rotation with the cylinder, a heating element is located within the cylinder; a rotatable rod is affixed to and rotates with the cylinder relative to the body, the rotatable rod extends into the body and is

supported by a bearing within the body that restrains lateral movement of the rotatable rod and facilitates rotation of the rotatable rod; a first terminal disc is rotatably fixed relative to the cylinder, the first terminal disc includes concentric annular electrical contacts; a second terminal disc is fixed relative to the body, the second terminal disc includes concentric continuous annular electrical contacts; one of the annular electrical contacts on one of the terminal discs is bent upwardly and another of the annular electrical contacts on other the terminal disc is a flat annular ring, the first terminal disc is held adjacent to the second terminal disc so that the contacts of the first terminal disc remain in contact with the contacts of the second terminal disc to provide an electrical circuit across the contacts, the rotatable rod extends through centers of both the terminal discs, and the contacts of both the terminal discs circumscribe the rotatable rod; and a motor is connected to the rotatable rod to rotate the cylinder.

46.     For reference, Claim 9 of the '301 patent generally covers a hair styling device comprising: a body; a cylinder extends from and rotates relative to the body, the cylinder includes a clamp adapted for holding hair, the clamp fixed to the cylinder for rotation with the cylinder, a heating element is located within the cylinder, the cylinder is supported by a bearing within the body that restrains lateral movement of the cylinder and facilitates rotation of the cylinder; a rotatable shaft is rotatable with the cylinder relative to the body; a first terminal disc is rotatably fixed relative to the cylinder, the first terminal disc includes concentric annular electrical contacts; a second terminal disc is fixed relative to the body, the second terminal disc includes concentric continuous annular electrical contacts; one of the annular electrical contacts on one of the terminal discs is bent away from the one terminal disc and toward another of the terminal discs, one of the electrical contacts on the other terminal disc is a flat annular ring, the first terminal disc is held adjacent to the second terminal disc so that the contacts of the first terminal disc remain in contact with the contacts of the second terminal disc to provide an electrical circuit across the contacts to the cylinder, the shaft extends through the first terminal disc; and a motor is

connected through the shaft to impart rotation of the cylinder.

47. The Accused Product meets all of the claimed limitations and therefore directly infringes at least one claim of the '301 patent.

48. Defendant, without authorization by Plaintiff, has directly infringed and continues to infringe at least one claim of the '301 patent in violation of 35 U.S.C. §271(a), literally or by doctrine of equivalents by making, using, offering for sale, or selling the Accused Product in the United States.

49. Defendant, unless enjoined by this Court, will knowingly and intentionally continue to engage in infringing behavior and has made, offered for sale, or sold the infringing Accused Product after knowing of the '301 patent.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor and grant the following relief:

a) declaring Defendant infringed the '796 and '301 patents;

b) declaring Defendant's infringement of the '796 and '301 patents has been willful;

c) an order permanently enjoining Defendant and all persons and entities acting in concert with Defendant, from manufacturing, using, selling and offering to sell the infringing product in the United States prior to the expiration of the '796 and '301 patents;

d) declaring this case is exceptional within the meaning of 35 U.S.C. § 285;

e) an award of damages adequate to compensate it for Defendant's infringement of the '796 and '301 patents including lost profits, but in an amount no less than a reasonable

royalty, and that such damages be trebled according to 35 U.S.C. § 284;

f) awarding all costs and expenses of this action, including reasonable attorneys' fees; and

g) awarding Plaintiff such further relief as the Court may deem just, necessary, and proper.

Dated: December 15, 2016

Respectfully submitted,

S/Garrick T. Lankford
Garrick T. Lankford
glankford@bhlawyers.net
Michael D. Marston
mmarston@bhlawyers.net
Botkin & Hall, LLP
Suite 400, Jefferson Centre
105 East Jefferson Blvd.
South Bend, IN 46601-1913
Phone: (574) 234-3900
Facsimile: (574) 236-2839
*Attorneys for Plaintiff*